# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

PATRICK KEANE

Plaintiff-Below/Appellant,

v.

JACKLYN NIGGENMYER
Defendant-Below/Appellee.

)
)
)
)
)
)
)
)
)
)
)

Case No. CPU4-23-001442

Submitted: December 8, 2023
Decided: January 8, 2024

## ORDER ON DEFENDANT'S PRE-TRIAL MOTION

Manning, J.

This matter, which is before the Court *de novo* on appeal from a decision of the Justice of the Peace Court, stems from an oral residential lease agreement between a landlord, Plaintiff-Below/Appellant Patrick Keane, and his former tenant, Defendant-Below/Appellee Jacklyn Niggemyer. Mr. Keane alleges that Ms. Niggemyer vacated his rental property (the "Property") without giving 60-days' notice, resulting in damages in the amount of $6,618.[1] Not surprisingly, Ms. Niggemyer disagrees. She maintains that Mr. Keane is not legally entitled to the damages he seeks, and she asserts a counterclaim to recover unspecified monetary damages for expenses relating to her alleged compulsory relocation due to the Property's uninhabitability.

On October 17, 2023, Ms. Niggemyer filed the motion presently before the Court, styled as "Defendant's Motion to Determine Plaintiff's Inability to Rely on Any Provisions/Statute of the Delaware Residential Landlord Tenant Code" (the "Motion"). On December 8, 2023, the Court held a hearing on the Motion, during which it heard oral argument from both parties.

Ms. Niggemyer argues that Mr. Keane failed to comply with Section 5118 of Delaware's Landlord-Tenant Code (the "Code") in that he failed to furnish a

---

[1] Mr. Keane's damages claim is calculated as two months (60 days) of unpaid rent, and related fees. However, it is unclear from the present record whether he seeks to recover for two months of unpaid rent incurred while Ms. Niggemyer was residing at the property, or two months of rent accruing once Ms. Niggemyer vacated the property.

summary of the Code, as prepared by Consumer Protection Unit of the Attorney General's Office (the "Code Summary"), at the beginning of the rental term, thereby statutorily entitling her to raise ignorance of the law as a defense. She reasons that Mr. Keane's claims are derived from the Code, and thus are unrecoverable given her ignorance of law defense.

On the other hand, Mr. Keane asserts that he was not statutorily obligated to tender the Code Summary because the lease agreement was oral. He points to language in the Code Summary itself specifying that it must be provided "upon signing of a residential lease,"[2] which he interprets as meaning the Code Summary is only required in written leases. Therefore, he claims that § 5601—which requires 60-days' notice to terminate a lease—applies, and Ms. Niggemyer is liable for her failure to provide adequate notice. Further, he claims, although under no legal obligation to do so, he did provide Ms. Niggemyer with a copy of the Code Summary in July of 2022.

## LEGAL ANALYSIS

The relief sought in Defendant's Motion disorients the legal standards to be applied. Specifically, Ms. Niggemyer requests that this Court "issue an order that

---

[2] Del. Dept. of Justice Consumer Protection Unit, Summary of the Delaware Residential Landlord-Tenant Code, Rev'd May 2014, *available at* https://attorneygeneral.delaware.gov/wp-content/uploads/sites/50/2019/06/NEW-Revised-LL-T-summary-for-tenants-4-1-19.pdf.

[Mr. Keane]:

1. Failed to supply [Ms. Niggemyer] a copy of the summary of the Delaware Residential Landlord Tenant Code; and

2. That [Mr. Keane's] failure to supply [Ms. Niggemyer] a copy of the aforesaid Code "prohibits" [Mr. Keane] from relying upon the statutes/rules/regulations of the Code; and

3. That [Ms. Niggemyer] is entitled to plead ignorance of the law as a defense to [Mr. Keane's] Complaint; and

4. That [Mr. Keane] is precluded from the damages sought as same are not authorized by the Code; and

5. That the Court grant summary judgment in favor of [Ms. Niggemyer] and/or dismiss the [Mr. Keane's] Complaint in its entirety."

Requests one through four constitute rulings on the ultimate issues to be decided by the finder of fact at trial, and thus are not appropriate for resolution in this form or at this junction.[3]

As to the fifth request, the Court notes that Ms. Niggemyer pointed to no legal authority to support a finding that summary judgment is appropriate in the context. Indeed, it is not. Summary judgment is granted only where the moving party demonstrates that no issues of material fact exist and the moving party is entitled to

---

[3] *See Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.*, 2003 WL 25849476, at *2 (Del. Super. Jan. 24, 2003). Specifically, four of the five itemized requests must be decided at trial: "(1) [Plaintiff] Failed to supply defendant a copy of the summary of the Delaware Residential Landlord Tenant Code; and (2) That the plaintiffs failure to supply defendant a copy of the aforesaid Code "prohibits" the plaintiff from relying upon the statutes/rules/regulations of the Code; and (3) That the defendant is entitled to plead ignorance of the law as a defense to the plaintiffs Complaint; and (4) That the plaintiff is precluded from the damages sought as same are not authorized by the Code." Def. Mtn. at 2.

4

judgment as a matter of law.[4]  Summary judgment is not appropriate where further inquiry is required to clarify the application of law to the circumstances,[5] and it is "not a substitute for the trial of disputed fact issues."[6]

Here, the record is riddled with factual disputes and uncertainties which render application of the law to the circumstances impossible.  For example, it is unclear from the present record whether Mr. Keane's claims are derived exclusively from the Code, rather than the oral lease agreement; whether Ms. Niggemyer's actions, including her alleged failure to provide notice, violated the terms of the parties' oral agreement; and, whether Mr. Keane's delivery of the Code Summary in July constituted the " beginning of the rental term" under § 5118 given the month-to-month nature of the oral lease agreement.  The Court will not engage in speculation on such questions of material fact.

---

[4] *GMC Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A. 3d 776, 783 (Del. Jan. 3, 2012); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Lillis v. AT&T Corp.*, 2006 WL 3860915, at *1 (Del. Ch. Dec. 21, 2006)(quoting *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del.1962)).
[6] *GMC Capital Investments,* at 783 (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2712 (3d ed.1998)).

# CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED. However, Ms. Niggemyer is permitted to raise ignorance of the law as a defense at trial.

**IT IS SO ORDERED.**

_____
Bradley V. Manning, Judge